DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Timothy Graulich, Esq.
James I. McClammy, Esq.
Angela M. Libby, Esq.

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------X
:
**In re**                                 :     **Chapter 15**
:
**CRYPTOPIA LIMITED (IN LIQUIDATION)**    :     **Case No. 19-_____ (____)**
:
**Debtor in a foreign proceeding.**       :
:
------------------------------------------X

## EMERGENCY MOTION FOR PROVISIONAL RELIEF

David Ian Ruscoe is the duly appointed foreign representative (the "**Foreign Representative**") of Cryptopia Limited (the "**Debtor**," the "**Company**" or "**Cryptopia**"), a New Zealand Limited Company registered under the laws of New Zealand, in Cryptopia's liquidation proceeding under Part 16 of the Companies Act 1993 (NZ) (the "**New Zealand Liquidation**"). The Foreign Representative has commenced this chapter 15 case ancillary to the New Zealand Liquidation and respectfully submits this motion (this "**Motion**") and represents as follows:

### Relief Requested

1. David Ian Ruscoe, upon the accompanying Petition for Recognition of a Foreign Proceeding, Motion for Recognition, Memorandum of Law in Support of Motion

for Recognition and Emergency Motion for Provisional Relief,[1] Ruscoe Declaration, and Heath Declaration, hereby moves this Court pursuant to Bankruptcy Code sections 105(a), 362, 1504, 1507, 1510, 1515, 1517, 1519, 1520, 1521 and 1522 to (i) provisionally provide that section 362 of the Bankruptcy Code applies within the territorial jurisdiction of the United States with respect to the Debtor and property of the Debtor, (ii) provisionally entrust the administration, realization and distribution of the Debtor's assets located in the United States to the Foreign Representative, (iii) waive compliance with Bankruptcy Rule 1007(a)(4)(B) and (iv) grant such other relief as the Court deems just and proper. As set forth in the accompanying documents, Mr. Ruscoe respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

## Basis for Relief

2.  The basis for relief is more fully set forth in the Memorandum of Law in Support of Motion for Recognition and Emergency Motion for Provisional Relief filed contemporaneously with this Motion.

3.  Given the significant number of parties potentially affected by the requested provisional relief, the Foreign Representative is requesting that the Court waive the requirement to specifically disclose the identity of each entity or party as required by Bankruptcy Rule 1007(a)(4)(B).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Memorandum of Law in Support of Motion for Recognition and Emergency Motion for Provisional Relief.

**Jurisdiction**

4.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The statutory predicates for the relief requested herein are sections 105(a), 1504, 1507, 1510, 1515, 1517, 1519, 1520, and 1521 of the Bankruptcy Code, Rules 2002(a) and 9006(c) of the Bankruptcy Rules and Rule 9077-1(b) of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "**Local Rules**"). The Foreign Representative has properly commenced this chapter 15 case under sections 1504 and 1509 of the Bankruptcy Code by the filing of a motion for recognition of the New Zealand Proceeding under section 1515 of the Bankruptcy Code.

**Notice**

7.  Notice of this Motion will be provided to (i) all persons or bodies authorized to administer foreign proceedings of the Debtor, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) those parties identified in paragraph 4 of the Debtor's *Lists Pursuant to Federal Rules of Bankruptcy Procedures 1007(a)(4) and 7007.1* and (iv) all parties that, as of the filing of this Motion, have requested notice in this Chapter 15 Case.

## **No Prior Request**

8. No prior motion for the relief sought in this Motion has been made to this or any other court.

Dated: May 24, 2019
New York, New York

*/s/ Timothy Graulich*
DAVIS POLK & WARDWELL LLP
450 Lexington Ave
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Timothy Graulich, Esq.
James I. McClammy, Esq.
Angela M. Libby, Esq.

*Counsel to the Foreign Representative*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------X
:
:
**In re**                                              :           Chapter 15
**CRYPTOPIA LIMITED (IN LIQUIDATION)**   :           Case No. 19-_____ (____)
    Debtor in a foreign proceeding.         :
:
:
------------------------------------------X

**ORDER GRANTING EMERGENCY MOTION FOR PROVISIONAL RELIEF**

        Upon the *Emergency Motion for Provisional Relief* (ECF No. __) (the "**Emergency Motion**")[1] of David Ian Ruscoe, in his capacity as the duly appointed foreign representative (the "**Foreign Representative**") of the New Zealand Liquidation (as defined below) of the above-captioned debtor (the "**Debtor**", "**Cryptopia**", or the "**Company**"), a New Zealand Limited Company registered under the laws of New Zealand, concerning a liquidation (the "**New Zealand Liquidation**") commenced under Part 16 of the Companies Act 1993 (NZ) (the "**Companies Act**"), pursuant to sections 105(a), 362, 1504, 1507, 1510, 1515, 1517, 1519, 1520, 1521 and 1522 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (this "**Order**"), among other things, (i) provisionally providing that section 362 of the Bankruptcy Code applies within the territorial jurisdiction of the United States with respect to the Debtor and property of the Debtor, (ii) provisionally entrusting the administration, realization and distribution of the Debtor's assets located in the United States to the Foreign Representative, (iii) waiving compliance with Bankruptcy Rule 1007(a)(4)(B) and (iv) granting such other relief as the Court deems just and proper; and upon this Court's review and consideration of the *Memorandum of Law in Support of Motion for Recognition and Emergency Motion for*

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Emergency Motion.

*Provisional Relief*, the Ruscoe Declaration and the Heath Declaration, each filed contemporaneously herewith, and the evidence admitted at the hearing ("**Hearing**") to consider the Emergency Motion; and due and proper notice of the Emergency Motion having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334, section 1501 of the Bankruptcy Code and the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court may enter a final order consistent with Article III of the United States Constitution.

D. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

E. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (i) the Debtor is subject to a pending "foreign main proceeding" as that

term is defined in section 1502(4) of the Bankruptcy Code, (ii) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, and (iii) all statutory elements for recognition of the New Zealand Liquidation are satisfied in accordance with section 1517 of the Bankruptcy Code.

F. Section 362 of the Bankruptcy Code shall apply within the territorial jurisdiction of the United States to the Debtor and property of the Debtor, including without limitation executory contracts, to permit the orderly administration and liquidation of the Debtor's estate in the New Zealand Liquidation and the relief requested either (i) will not cause undue hardship to any party in interest or (ii) any hardship to a party in interest is outweighed by the benefits of the relief requested.

G. Unless this Order issues, it has been clearly shown that the Debtor will suffer immediate and irreparable injury, loss or damage for which there is no adequate remedy at law. Further, unless this Order issues, the assets of Debtor located in the United States could be subject to efforts by creditors or other entities to control, possess, or execute upon such assets and such efforts have a material risk of resulting in Debtor's suffering immediate and irreparable injury, loss, or damage by, among other things, (i) interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, (ii) interfering with the Debtor's efforts to administer its estate and liquidate through the New Zealand Liquidation, and (iii) undermining the Foreign Representative's efforts to achieve an equitable result for the benefit of all of the Debtor's creditors and interest holders.

H. The interests of the Debtor's creditors will be served by entry of this Order.

I. The interest of the public will be served by entry of this Order.

J. The Foreign Representative and the Debtor are entitled to the full protection and rights available under section 1519(a)(1)-(3) of the Bankruptcy Code.

K. Good cause exists to entrust the distribution of the Debtor's assets located in the United States to the Foreign Representative.

L. Appropriate notice of the filing of, and the hearing on, the Emergency Motion was given, which notice was deemed adequate for all purposes, and no further notice need be given.

**NOW THEREFORE**, **IT IS HEREBY ORDERED THAT:**

1. The Emergency Motion and requested relief therein is granted.

2. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing, or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. Pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is applicable within the territorial jurisdiction of the United States to the Debtor and the Debtor's property, until further order of this Court or dismissal or closure of this Chapter 15 proceeding.

4. Pursuant to sections 1519(a)(3) and 1521(a)(3), no non-Debtor (other than the Foreign Representative) shall be authorized or permitted to transfer, encumber or otherwise dispose of the Debtors' assets that are located within the territorial jurisdiction of the United States.

5. Pursuant to sections 1519(a)(3), 1521(a)(5), 1521(a)(7) and 1521(b), the administration, realization and distribution of all or part of the assets of the Debtor within the

4

territorial jurisdiction of the United States is entrusted to the Foreign Representative and the Foreign Representative is established as the exclusive representative of the Debtor in the United States.

      6.      The Foreign Representative is authorized to take all actions necessary to carry out this Order.

      7.      The requirements set forth in Bankruptcy Rule 1007(a)(4)(B) are waived with respect to this Chapter 15 proceeding.

      8.      No action taken by the Foreign Representative, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the New Zealand Liquidation, this Order, this Chapter 15 Case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 306 and 1510 of the Bankruptcy Code.

      9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

      10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to interpretation or implementation of this Order.

Dated: _____, 2019
      New York, New York

                                 _____
                                 UNITED STATES BANKRUPTCY JUDGE